UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PHILLIP JACKSON,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, TODD BLANCHE, and KASH PATEL,<br>Defendants. | Case No. 1:26-cv-07196-KES-HBK<br><br>ORDER DENYING WITHOUT PREJUDICE PRO SE PLAINTIFF'S MOTION FOR ELECTRONIC FILING PERMISSION (Doc. 6); AND MOTION TO FILE MEMORANDUM IN EXCESS OF PAGE LIMIT (Doc. 8)<br><br>ORDER DENYING AS MOOT PRO SE PLAINTIFF'S MOTION TO APPEAR BY TELEPHONE (Doc. 7) |

On September 14, 2026, pro se Plaintiff filed: (1) a motion for permission to use the Court's Case Management/Electronic Case Filing System (CM/ECF) (Doc. 6); (2) a motion to appear by telephone at the December 17, 2026 Initial Scheduling Conference (Doc. 7); and (3) a motion for leave to file a memorandum exceeding the page limit (Doc. 8). The Court addresses the motions below.

Motion for Electronically-Filing Permission

The Local Rules require attorneys to file electronically, subject to the Court's electronic-filing procedures. E.D. Cal. L.R. 133(a). A pro se litigant, however, may not use electronic filing without permission from the assigned judge. E.D. Cal. L.R. 133(b)(2), 183(c). A request for such permission must be submitted as a stipulation under Local Rule 143; if a stipulation cannot be

obtained, the request must explain why an exception is warranted. E.D. Cal. L.R. 133(b)(3).

Plaintiff states that he has a PACER account, lives approximately three hours roundtrip from the courthouse, and would be more capable of meeting filing deadlines if permitted to use CM/ECF. (Doc. 6 at 2–3). The Court recognizes Plaintiff cannot yet obtain a stipulation because no defendant has been served. But Plaintiff's present circumstances do not establish sufficient grounds to depart from the default rule requiring conventional filing by pro se litigants. E.D. L.R. 133(b)(2), 183(c). The case is in its early procedural stages; and no defendant has appeared. The motion will therefore be denied without prejudice. Plaintiff may renew the request if circumstances materially change or, after defendants appear, may seek a stipulation under Local Rule 133(b)(3).

Motion for Leave to Appear Telephonically

Plaintiff asks to appear by telephone at the December 17, 2026 Initial Scheduling Conference. The request is moot; the Court's order scheduling the conference already provides that the conference will be held telephonically and supplies the necessary access information. (Doc. 3 at 1). Accordingly, Plaintiff has already received the relief requested.

Motion for Leave to File Memorandum in Excess of Page Limit

Plaintiff seeks leave to file a memorandum exceeding the 25-page limit in support of an anticipated motion for partial summary judgment. (Doc. 8). He cites multiple asserted grounds for relief and the anticipated use of court orders, agency records, and cases. (*Id.* at 1–2). He further states that no conference with opposing counsel was possible because no defendant has appeared and he intends to serve the anticipated motion with the summons and complaint. (*Id.* at 2).

The request does not establish good cause. Although Rule 56 permits a party to move for summary judgment at any time absent a court-ordered limitation, Fed. R. Civ. P. 56(b), summary judgment ordinarily follows an adequate opportunity for discovery, and if filed before discovery are generally considered premature. *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)); *see also* Fed. R. Civ. P. 56(d) (authorizing the Court to defer or deny a motion when a nonmovant cannot yet present facts essential to justify its opposition). Here, defendants have not been served, no

party has appeared for the defense, and discovery has not begun. Consequently, on the record, leave to exceed the page limit for an anticipated and premature summary judgment motion is not warranted. *See De'von-Samuel James-Singleton Perkins v. Baughman*, No. 2:18-cv-01827-TLN-JDP, 2020 WL 7624952, at *3 (E.D. Cal. Dec. 22, 2020), *report and recommendation adopted*, 2021 WL 1164711 (E.D. Cal. Mar. 26, 2021).

The motion will be denied without prejudice to renewal at a procedurally appropriate stage of the case.

Accordingly, IT IS ORDERED:

1. Plaintiff's motion for permission to use CM/ECF (Doc. 6) is DENIED without prejudice.
2. Plaintiff's motion to appear by telephone at the December 17, 2026 Initial Scheduling Conference (Doc. 7) is DENIED as moot.
3. Plaintiff's motion for leave to file a memorandum exceeding the page limit (Doc. 8) is DENIED without prejudice.

Dated: September 18, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE